UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                          Chapter 11

VANTAGE PETROLEUM, INC.,                       Case No. 82-81962

                Debtor.
---------------------------------------------------------x

## OBJECTION TO MOTION FOR RELIEF FROM JUDGMENT

      Abraham Backenroth, on behalf of myself, Backenroth Frankel & Krinsky, LLP and its predecessor firms and the Vantage Petroleum Trustee, George Hudtwalker, Jr. now deceased, whom we represented, as and for my objection to the motion made by Lawrence and Cheryl Iorizzo (the "Iorizzos") for relief under Bankruptcy Rule 9014 and Federal Rule 60(b), respectfully represent as follows:

      1.     The Vantage Petroleum case, which goes back almost 30 years ago to 1982, began with the almost immediate displacement from management of the Iorizzos and the appointment George Hudtwalker, Jr., now deceased, as trustee. Throughout the entire pendency of the case, various firms that I have been a member of represented the Vantage Petroleum Trustee.

      2.     In fact, not only was the Vantage Petroleum in trusteeship, but the Iorizzzo's also filed personal Chapter 11 petitions (which is not disclosed in their motion papers) and a trustee was appointed to administer their personal estates as well.

      3.     In the course of the Vantage case, an omnibus settlement was entered into between the Iorizzos and the Vantage and the Iorrizo estates. I was able to pull the Vantage

docket off the PACER system, and I believe that the settlement is referenced as a docket entry on July 22, 1985. To the best of my recollection, under that settlement the Iorrizos waived any all claims they had against the Vantage and Iorizzo estates. Unfortunately, I do not have a copy of the stipulation because the files were discarded many years ago. I do recall that under the stipulation, $10.8 million dollars was recovered for the benefit of the Iorizzo creditors from secret bank accounts maintained by the Iorrizzos in Austria.

4. The Vantage case culminated in a confirmed plan of reorganization on August 1, 1988, over 20 years ago, in which the Vantage business was sold and creditors received, I believe, a 10% distribution.

5. Against this background, the Iorizzos have failed to plead or allege any wrong that took place requiring the equitable relief of reopening a bankruptcy proceedings now closed these many years.

6. Certainly there was no equity in the company beyond creditor claims, and even if there was, the only party legally empowered to raise such issues would have been the Iorrizo Trustee on behalf of Iorizzo's personal creditors <u>not the Iorrizzos</u>. I would respectfully submit therefore that the Irrizzos have no legal, economic or equitable standing to make this or any other motion in this case.

7. And as a practical matter, upon information and belief, post-confirmation, Vantage unfortunately went out of business over 10 years ago. Thus, there is no logical purpose to reopen a case in which a plan was confirmed over 20 years ago with regard to a company that subsequently went out of business 10 years ago.

8. Accordingly, I don't know that anything constructive can be accomplished by the movants in this case at this time, nor do I believe they have any standing to complain, nor do

I think that any meaningful relief could even be granted to them if in fact they have a legitimate complaint about the conduct of the Vantage case, none of which is even alleged. And that is without even considering the issue of laches. Simply put, any relief the Court might grant would result in a futile waste of time and resources by all concerned.

9. It must also be noted that Bankruptcy Rule 9024 and Federal Rule 60 apply to specific orders. In this case, the movants have identified no order that they seek relief from nor provided any justification for the relief sougt. For this reason alone, the case cited by the movants is immaterial. *In re Tender Loving Care,* 562 F.3d 158 (2009).

10. Furthermore, the movants were certainly on notice that the Vantage case was ongoing. I had many conversations with Larry Iorizzo after he went into the witness protection program concerning the progress of the Vantage case, including discussions about the plan of reorganization and the sale of the business. Ray Sussman, Iorizzo's counsel, was also in constant contact with me. Since the Iorizzos obviously knew that the case was moving apace, there is no excuse for waiting decades to bring to the Court's attention the fact they were allegedly not receiving service of pleadings if in fact they were even entitled to service and were in fact not receiving it. Indeed, the Iorizzos had the ability to contact me, and did contact me many times, but no address was ever provided to me for any purpose.

11. In summary: (a) whatever claims the Iorizzos had were waived as part of the settlement previously described, and (b) the movant lacks standing to raise anything in these proceedings in any event, both because (i) a Trustee was appointed in the Iorrizos' case; and (ii) the Iorizzos have no economic interest in the Vantage case since there were insufficient asset available to pay creditors in full.

12. Again, no address was given to me concerning Cheryl Iorizzo, who I understood to be divorced from Larry Iorizzo and remarried. Years later I heard that Larry Iorizzo was imprisoned in Texas for sales tax evasion but I was not given detail as to where he could be reached.

WHEREFORE, I respectfully submit that the Bankruptcy Court should deny the application and grant such other relief as may be just and proper.

Dated: New York, New York
May 19, 2011

**BACKENROTH FRANKEL & KRINSKY, LLP**
Attorneys for Abraham Backenroth,
predecessor firms and the Vantage Trustee

By: s/Abraham Backenroth
489 Fifth Avenue
New York, New York 10017
(212) 593-1100