IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

………………………………………………….x

In re:

                                                                CHAPTER 11

VANTAGE PETROLEUM, INC.                Case No.    8-82-81962-AS
                                                                (883-31066-20,
                                                                  883-31293 to
                                                                   883-31297-20
                                                    and Adv. No. 889-0129-20)

        **Debtors**

……………………………………..………………x

## MOVANT'S RESPONSE TO OBJECTION TO MOTION FOR RELIEF FROM JUDGMENT

**COMES NOW LAWRENCE SALVATORE AND CHERYL ANN IORIZZO:** by and through their undersigned counsel who submits to this Honorable Court the following in response to the objection filed by Abraham Backenroth on his behalf and his associated law firms as Docket Number 8 filed 5/19/2011.

In ¶3 of the objection Mr. Backenroth states that "an omnibus settlement was entered into between the Iorizzos and Vantage and the Iorizzo estates." He further states that he does not have a copy of that settlement since his files were destroyed years ago. That statement should not be considered by this Court without a copy of the alleged settlement being produced since neither of the Iorizzos nor their attorney ever saw a copy of that document per se.

The next allegation was that the Vantage case culminated in a confirmed plan of reorganization on August 1, 1988 in which the Vantage business was sold and its creditors received a 10% distribution. That

is an inaccurate statement. The Vantage case was ended allegedly in 1996 and activities continued for years after that date.

Mr. Backenroth pleads that the Iorizzos "have failed to plead or allege any wrong that took place requiring the equitable relief of reopening a bankruptcy proceedings now closed many years." It appears that Mr. Backenroth has not read the pleadings. The motion clearly sets forth the basis for the requested relief which has not been addressed by Mr. Backenroth in the objections at all. Mr. Backenroth alleges without foundation, that "Certainly there was no equity in the company beyond creditor claims, and even if there was, the only party legally empowered to raise such issues would have been the Iorizzo Trustee…not the Iorizzos. That is an inaccurate statement as well. The Iorizzo case was closed years ago without any notice to either of the Iorizzos. Mr. Backenroth must explain his actions in this case before any judgment is rendered by the Court.

Mr. Backenroth alleges that any action by this Court would be a futile waste of time and resources by all concerned. That remains to be seen. Mr. Backenroth makes statements here that are unfounded and baseless to say the least. He continues by alleging that the Iorizzos have not alluded to any order they seek relief from nor provided any justification for the relief sought, (relying on *In re Tender Loving Care 562 F. 3rd 158, 2nd Cir. (2009)).* In fact that case supports the granting of relief in the pending motion rather than supporting Mr. Backenroth's claims. There the allegation was that the order was entered without a contest when in fact, there had been a contest. In the instant pleading the allegation is that there had been no contest at all by the Iorizzos. The Iorizzos are challenging the granting of Bankruptcy relief in this case.

The remaining comments by Mr. Backenroth in the objection are meritless. He was given the address of Cheryl Iorizzo by her and she was never advised of any activity in the case. Mr. Iorizzo himself and through Attorney Raymond S. Sussman provided his address as well to no avail. There were

not numerous conversations or any other communication from the Court or from Mr. Backenroth, to the Iorizzos and/or Mr. Sussman. That statement by Mr. Backenroth is untrue per se.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED:** Lawrence Salvatore Iorizzo and Cheryl Ann Iorizzo pray that this Court will grant the motion and order the case reopened after which Lawrence and Cheryl Iorizzo may be provided with notices of all the proceedings pending in the case from 1986 to the present time and allow them to contest those actions. The Iorizzos should be allowed to contest any action or proceeding which was initiated by the Trustee or anyone else in the case since they were never advised of any activity for the entire program before the Court.

    Respectfully Submitted

*Jeannette M. Weiss*

Jeannette M. Weiss, Esquire
237 Flatbush Ave, Suite 101
Brooklyn, New York 11217
Telephone 302-476-9586
Facsimile 631-657-3959
Cell: 917-299-3555
E-Mail: jeannette.weiss@yahoo.com

## CERTIFICATE OF SERVICE

**I, JEANNETTE M. WEISS HEREBY CERTIFY:** that a true and conformed copy of the foregoing was filed via the ECF electronic filing procedures of this court and that all parties were notified under the ECF electronic notification procedures this 23nd day of May, 2011.

*Jeannette M. Weiss*
Jeannette M. Weiss